**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| LYNN SINDERSINE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:26-CV-00142-WLS |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On September 21, 2026, Defendant Allstate Insurance Company removed this case from the Superior Court of Dougherty County. (Doc. 1.) Allstate asserted that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. (Doc. 1 ¶ 10.)

In the complaint, Plaintiff Lynn Sindersine asserts claims for breach of contract and a bad faith refusal to pay for a covered loss. (Doc. 1-2 ¶¶ 18–30.) Before filing her lawsuit, Sindersine sent Allstate a $31,250.25 demand for coverage. (Doc. 1-6 at 2.) If Sindersine prevails on her breach of contract and bad faith claims, a jury could impose a penalty of up to fifty percent of the damages owed under the policy, or $15,625.13. *See* GA. CODE ANN. § 33-4-6. The total compensatory and punitive damages Sindersine seeks is therefore $46,875.38. Sindersine also seeks "reasonable attorney's fees and litigation expenses." (Doc. 1-2 ¶ 31.) In its notice of removal, Allstate claimed that when attorney's fees are added to the compensatory and punitive damages total, the amount in controversy exceeds $75,000. (Doc. 1 ¶ 12.)

The Court, however, concluded that if Allstate were to rely on a calculation of attorneys' fees to make up the shortfall between the alleged damages and the jurisdictional minimum, it would have to show that, *at the time of removal*, Sindersine plausibly incurred more than $28,124.62 in fees. (Doc. 5 at 2); *see also Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1282 (S.D. Fla. 2019) ("Only fees incurred *at the time of removal* should be included in the amount-in-controversy computation."). The Court thus ordered Allstate to show cause why this action should not be remanded to the Superior Court for lack of federal subject matter

jurisdiction. (*Id.* at 3.) The Court also gave Allstate the opportunity to comply with its order by amending the notice of removal to plausibly allege that the amount in controversy exceeds $75,000, exclusive of interests and costs. (*Id.* at 3.)

On October 12, 2026, Allstate filed its response to the Court's order. (Doc. 8.) In the response, Allstate concedes that it cannot show that Sindersine incurred more than $28,124.62 in attorney's fees at the time of removal. (*Id.*) Allstate is thus unable to show that this case meets the amount-in-controversy requirement of 28 U.S.C. § 1332(a). This case is therefore **REMANDED** to the Superior Court of Dougherty County for lack of subject matter jurisdiction.

**SO ORDERED**, this 15th day of October, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**